IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANDRES GUILLEMARD GINORIO, et al., <br><br> **Plaintiff(s)** <br><br> v. <br><br> FERMIN M. CONTRERAS GOMEZ, et al., <br><br> **Defendant(s)** | **CIVIL NO.** 03-2317 (JAG) |

ORDER

    Having heard argument from both parties, the Court hereby **GRANTS** plaintiffs' motion to compel production of the hearing examiner's report, either in final or draft form (Docket No. 187). Defendants argue that no such report exists; that the hearing examiner merely prepared a draft from which Commissioner Juarbe worked to issue her final report. Even if a formal report from the hearing examiner does not exist, whatever draft the hearing examiner prepared and then forwarded to Commissioner Juarbe must de produced.

    Plaintiffs also request production of the drafts of the settlement agreement signed by the Commissioner and Mr. Urrutia. The Court finds that this request is **MOOT** because it is ruling that any mention of the Urrutia settlement is inadmissible at trial in this case.

    Plaintiffs further argued during the telephone conference with the Court their request that the box containing the original documents which Mr. Castro Anaya used during his investigation be made available to them during his deposition tomorrow, Friday May 5, 2005. This request is also **GRANTED**. Defendants shall make the box available to the plaintiffs during Mr. Castro Anaya's deposition.

    Finally, the Court **GRANTS** plaintiffs' motion to supplement the witness list (Docket No. 186). The Court will allow defendants to take the deposition of Mr. Rios.

Civil No.  03-2317 (JAG)                                                            2

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 5th day of May 2005.

                                          <u>s/ Jay A. Garcia-Gregory</u>
                                          JAY A. GARCIA-GREGORY
                                          United States District Judge