IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANDRES GUILLEMARD GINORIO, ET AL.,

      Plaintiffs

        v.                           CIV. NO. 03-2317 (PG)

FERMIN CONTRERAS, ET AL.,

      Defendants.

## OPINION & ORDER

Before the Court is defendants' "Motion Requesting Stay of Proceedings and Opposition to Plaintiffs' Motion." (Docket No. 317). For the reasons that follow, defendants' motion is **DENIED.**

On January 10, 2006, the Court issued an Amended Opinion and Order[1] denying defendants' assertion that they are entitled to qualified immunity in relation to plaintiffs' due process claim. (Docket No. 308.) Thereafter, on February 2, 2006, defendants filed a Notice of Appeal from the Court's denial of the qualified immunity defense. (Docket No. 312)

In Mitchell v. Forsyth, 472 U.S. 511 (1985), the Supreme Court held that a defendant denied qualified immunity by a district court could file an interlocutory appeal to obtain review of any disputed question of law. The act of filing an interlocutory appeal, of course, has jurisdictional implications: it "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). This general rule, however, is not without exceptions, as courts have, for example, refused to apply it where the defendant frivolously

---

[1] The Court had issued, on January 3, 2006, an Opinion and Order Adopting in part and Rejectin in part the Magistrate Judge's Report and Recommendation and denying defendants' Motion for Summary Judgment, and granting plaintiffs Motion for Summary Judgment. (Docket No. 303.) The following day, plaintiffs filed a Motion to Amend the Opinion and Order to modify two things that were mistaken in the Order. (Docket No. 305.) The Court then issued the Amended Opinion and Order correcting the two mistakes.

Civ. No. 03-2317(PG)                                                    Page 2

appeals or takes an interlocutory appeal from a non-appealable order.  United States v. DeFries, 123 F.3d 1293, 1302-03 (D.C. Cir. 1997).  Many sister circuits have also recognized that although Forsyth protects the interests of the defendants claiming qualified immunity, it may injure the legitimate interests of other litigants and the judicial system, insofar as this kind of appeal may be wielded as stalling and dilatory tactic.  On this note, the Seventh Circuit has recognized that "[d]efendants may take Forsyth appeals for tactical as well as strategic reasons: disappointed by the denial of a continuance, they may help themselves to a postponement by lodging a notice of appeal."  Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989).

Several sister circuits have adopted a process by which the district court must certify the frivolity of a defendant's interlocutory appeal based on a denial of a qualified immunity defense.  See id. (7th Cir. 1989); Yates v. City of Cleveland, 941 F.2d 444 (6th Cir. 1991); Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992); Stewart v. Donges, 915 F.2d 572, 577 (10th Cir. 1990).  Though the First Circuit has "never adopted the Apostol certification procedure," it has made hyaline that

> [l]ike most rules, the rule that either the trial or the appellate
> court–but not both–may have jurisdiction over a case at any given
> point in time admits of some exceptions.  Thus, a district court
> can proceed, notwithstanding the filing of an appeal, if the notice
> of appeal is defective in some substantial and easily discernible
> way (**if, for example, it is based on an unappealable order**) or if
> it otherwise constitutes a transparently frivolous attempt to
> impede progress of the case.

United States v. Brooks, 145 F.3d 446, 456 (1st Cir. 1998) (emphasis added).  It is well-settled that the First Circuit Court of Appeals will review a denial of qualified immunity "on an interlocutory basis **only to the extent that the qualified immunity defense turns upon a 'purely legal' question.**"  Diaz v. Martinez, 112 F.3d 1, 3 (1st Cir. 1997) (emphasis added).  Thus, a district court's pretrial rejection of a qualified immunity defense on grounds other than purely legal ones is not immediately appealable.

Civ. No. 03-2317(PG)                                                    Page 3

     Here, the Court determined that defendants were not entitled to qualified immunity because even if a state statute authorized defendant Fermin Contreras to revoke plaintiffs' license without affording them prior notice and a pre-deprivation hearing, a **material issue of fact** remained as to whether Mr. Contreras had acted in a retaliatory or discriminatory manner when he issued the order revoking plaintiffs' license.  Therefore, the ultimate determination as to his motivation had to be made by a jury. (<u>See</u> Docket No. 308 at 20.) In other words, the Court's denial of the qualified immunity defense was based on a **purely factual and not legal basis**.  Consequently, the Court's order is an unappealable collateral order.  <u>See</u> <u>Rivera-Torres v. Ortiz-Velez</u>, 341 F.3d 86, 96 (1st Cir. 2003) (holding unappealable a district court's denial of qualified immunity based on non-legal basis).  Confronted with the pellucid frivolity of defendants' appeal, the Court will not allow them to hold hostage its docket and wield a <u>Forsyth</u> appeal to "help themselves to a postponement." <u>Apostol</u>, 870 F.2d at 1339.  Therefore, defendants' motion to stay is **DENIED**. (Docket No. 308.)

     **IT IS SO ORDERED.**

     In San Juan, Puerto Rico, September 11, 2006.


                                   S/JUAN M. PEREZ-GIMENEZ
                                   U. S. DISTRICT JUDGE