IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANDRÉS GUILLEMARD GINORIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FERMÍN M. CONTRERAS GÓMEZ, et al., <br><br> Defendants. | Civil No. 03-2317 (PG) <br><br> Plaintiffs Demand Trial By Jury |

## PLAINTIFFS' SUPPLEMENTAL MOTION
## FOR ATTORNEYS' FEES AND EXPENSES

Plaintiffs submit this supplemental motion for attorneys' fees and expenses pursuant to 42 U.S.C. § 1988(b). This Court previously entered an award for attorneys' fees and expenses up to November 10, 2007. (Doc. No. 566). On October 29, 2009, the Court of Appeals affirmed this Court's judgment "in all respects." Accordingly, plaintiffs respectfully request that this Court enter a further award for attorneys' fees and expenses from November 11, 2007 to the present. This motion is guided, specifically, by the findings contained in the Court's previous order.[1]

Plaintiffs submit the following documents with this motion:

- Affidavit of Joseph D. Steinfield, with exhibits A through G.

- Affidavit of Joan S. Peters, with exhibit A.

---

[1] Plaintiffs request that this Court award attorneys' fees, costs and expenses on the same terms as the Court's March 19, 2009 Opinion and Order, amending *nunc pro tunc* a prior Order of the Court, dated August 25, 2008. (Docket No. 566).

1009443.1

In support of this motion, plaintiffs further state as follows:

## I. ATTORNEYS' FEES

In their initial motion for attorneys' fees, plaintiffs addressed the law of attorneys' fees under 42 U.S.C. § 1988, and explained why the services performed and the result obtained in the litigation fully justified an award of fees. Accordingly, Plaintiffs need not repeat their arguments herein, but instead will provide an update as to the nature of the work performed since November 11, 2007 and explain why it was reasonably necessary to this action. Attached as exhibit A to the Declaration of Joseph D. Steinfield, and Exhibit A to the Declaration of Joan S. Peters, are the invoices reflecting work performed by counsel for which plaintiffs request an award of fees.

Much of the work performed after November 11, 2007 was related to defendants' unsuccessful appeal to the First Circuit. Fees on appeal are fully compensable under 42 U.S.C. § 1988. See Hutto v. Finney, 437 U.S. 678 (1978) (affirming award of fees for appeal). However, the fees requested herein also encompass significant work in this Court:

- In November 2007, plaintiffs moved for a permanent injunction to prohibit defendants from enforcing defendant Dorelisse Juarbe's "Resolution" of March 4, 2005, and from taking further adverse actions against plaintiffs. On December 10, 2007, the Court issued the permanent injunction from the bench. This work was reasonably necessary because, as explained in the Court's January 8, 2008 Opinion and Order, "Allowing the Resolution to endure now would be to permit Contreras's unconstitutional actions to continue to harm plaintiffs, despite the jury's findings." (Docket No. 495 at 5).

- In November 2007, plaintiffs' counsel spent significant time working on an opposition to defendants' unsuccessful, 104-page motion to set aside the judgment under Rules 50 and 59. In February 2008, defendants filed a "supplemental" post-trial motion, and in May 2008, filed a motion to set aside the judgment and injunction under Rule 60(b), both of which plaintiffs had to oppose. Counsel also spent time in November 2007 preparing their initial application for fees and expenses and bill of costs.

- After this Court rejected defendants' initial post-trial motion, defendants filed a notice of appeal without posting a supersedeas bond. Plaintiffs sought a writ of execution on the judgment. Defendants argued, both in this Court and to the Court of Appeals, that execution should be stayed without the posting of a bond. Ultimately, this dispute led to a Resolution from the Secretary of Justice promising to pay the judgment under Law 9,

which the Court of Appeals held rendered a bond unnecessary. Plaintiffs' efforts on this issue were reasonably necessary to secure the judgment. Had they not pressed for security, the Secretary would have had no reason to issue the Resolution.

In the Summer of 2009, work on the appeal began in earnest. Defendants raised numerous appellate issues, including abstention under *Younger* and *Burford*, qualified immunity, sovereign immunity, the merits of the equal protection claim, and challenges to this Court's evidentiary rulings. In its October 29, 2009 ruling, the Court of Appeals rejected literally every one of defendants' arguments.

The following represents the fees and expenses plaintiffs are seeking in motion. Where applicable, plaintiffs request that the Court award counsel fees at the same rates that were awarded in the Court's Order of March 18, 2009. Additionally, plaintiffs request that the Court award fees for three law clerks at Prince, Lobel, Glovsky & Tye: Emily Coes, Gregory Klotz, and Audrey Perlow, at the rate of $75.00 per hour. The resumes of these law clerks are attached to the Affidavit of Joseph D. Steinfield as Exhibits C, D and E. Finally, plaintiffs request that they be awarded fees for paralegal work at the previously-approved rate of $50.00 per hour. (See Doc. No. 566 at 14).

A. **Prince, Lobel, Glovsky & Tye LLP**

1. Attorneys

| Name | Hourly Rate | Hours Worked | Total |
|---|---|---|---|
| Joseph D. Steinfield | $330 (out-of-court)<br>$350 (in-court) | 259.2<br>1.7 | $85,536.00<br>595.00 |
| Jeffrey J. Pyle | $215 | 387.5 | $83,312.50 |
| Emily Coes | $75 | 13.1 | $892.50 |
| Gregory Klotz | $75 | 6.1 | $465.00 |
| Audrey Perlow | $75 | 13.6 | $1,020.00 |

| Total | | 668.9 | $171,821.00 |
|---|---|---|---|

2. Paralegals

| Name | Hourly Rate | Hours Worked | Total |
|---|---|---|---|
| Tawny Elgatian | $50 | 14.9 | $745.00 |
| Urvi Patel | $50 | 67.2 | $3,360.00 |
| Janine Sheehan | $50 | 18.6 | $930.00 |
| Total | | 100.7 | $5035.00 |

**B.     Nachman & Guillemard**

Total sought for time spent by attorneys Andrés Guillemard Noble, Monique Guillemard, and Joan Schlump Peters, as set forth in Exhibit A to the Peters Affidavit: **$49,133.29**

**GRAND TOTAL**                                                              **$ 225,989.29**

**II.     EXPENSES**

Plaintiffs further request that the Court award them their expenses from November 11, 2007 to Present, in the amount of $5,455.34. The elements of the requested expenses are as follows:

    1.     Computerized research, at 70% (Doc. No. 566 at 31):         $4,162.19

    2.     Printing costs for appellate brief (less amounts sought in Bill of Costs): $1,263.55

**TOTAL**                                                                              **$5,425.74**

Plaintiffs state that the requested expenses were reasonable and necessary to respond to defendants' post-trial motions and their appeal.

Respectfully Submitted,

LONE STAR INSURANCE PRODUCERS, INC.
ANDRES GUILLEMARD GINORIO
MARIA M. NOBLE FERNANDEZ,

By their Attorneys,

s/ Joseph D. Steinfield
Joseph D. Steinfield
s/ Jeffrey J. Pyle
Jeffrey J. Pyle
Prince, Lobel, Glovsky & Tye, LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Tel. (617) 456-8000
Fax (617) 456-8100

s/ Joan S. Peters
Joan S. Peters
USDC-PR 207409
P.O. Box 9949
San Juan, Puerto Rico 00908
Tel. (787) 724-1212
Fax (787) 725-1339

WE HEREBY CERTIFY: That on November 24, 2009, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: Angel E. Rotger-Sabat Maymi, Rivera & Rotger, P.S.C., P.O. Box 11897, San Juan, Puerto Rico 00922.